UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FRESH PACKING CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>ROBERTO P. GUICHO, et al.,<br><br>　　　　Defendants. | Case No. 15-CV-01551-LHK<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND CAPTION**<br><br>Re: Dkt. No. 21 |

On April 3, 2015, Plaintiff Fresh Packing Corporation filed suit against Roberto P. Guicho, doing business as Guicho's Produce, and Guicho's Produce, Inc. ECF No. 1. Roberto P. Guicho and Guicho's Produce, Inc. (collectively, "Defendants") were served on June 12, 2015. ECF Nos. 7, 8. Defendants failed to answer the complaint. However, an individual named Roberto P. Guicho, Jr. filed a notice of stay of proceedings on July 22, 2015 due to his pending bankruptcy proceedings. ECF No. 12. On July 28, 2015, the Clerk entered default as to Defendants. ECF No. 16. On July 29, 2015, the Court declined to stay the proceedings based on Plaintiff's representation that this lawsuit is against Roberto P. Guicho, Sr., not Roberto P. Guicho, Jr., and thus this lawsuit is unrelated to the noticed bankruptcy proceedings. ECF No. 17. Before the Court is Plaintiff's motion to amend or correct the caption to change "Roberto P. Guicho" to

1

Case No. 15-CV-01551-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO AMEND CAPTION

1  "Roberto P. Guicho, Sr." ECF No. 21.  This motion is not scheduled for a hearing and the Court
2  considers this matter appropriate for resolution without oral argument pursuant to Civil Local Rule
3  7-1(b).

4      Plaintiff asserts that the request to amend the caption is a technical amendment meant to
5  clarify for the record that Roberto P. Guicho, Sr., and not Roberto P. Guicho, Jr., is a defendant in
6  this case.  Defendants have not opposed the motion, and the deadline to respond has passed.  *See*
7  ECF No. 21 (setting briefing schedule).

8      Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a
9  matter of course within 21 days of service of the pleading.  Fed. R. Civ. P. 15(a)(1).  After that
10  period, amendment is permitted only with the opposing party's written consent or leave of the
11  court.  *Id.* at 15(a)(2).  Rule 15 instructs that "[t]he court should freely give leave when justice so
12  requires."  *Id.*  This rule is applied with "extreme liberality."  *Eminence Capital, LLC v. Aspeon,*
13  *Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).  Courts commonly consider four factors when
14  determining whether to grant leave to amend: (1) bad faith on the part of the movant; (2) undue
15  delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment.  *Foman v.*
16  *Davis*, 371 U.S. 178, 182 (1962); *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d
17  980, 986 (9th Cir. 1999).  "[I]t is the consideration of prejudice to the opposing party that carries
18  the greatest weight."  *Eminence Capital*, 316 F.3d at 1052.  "Absent prejudice, or a strong
19  showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in
20  favor of granting leave to amend."  *Id.* (emphasis in original).  "The party opposing amendment
21  bears the burden of showing prejudice."  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th
22  Cir. 1987).

23      The Court finds that the four *Fomon* factors weigh in favor of granting the proposed
24  amendment in this case.  First, the record in this case indicates that permitting amendment would
25  not prejudice Roberto P. Guicho or Guicho's Produce, Inc.  *See Eminence Capital*, 316 F.3d at
26  1052 (noting prejudice to the opposing party carries the greatest weight in the leave to amend
27  inquiry).  The June 12, 2015 proof of service for Roberto P. Guicho reads "Roberto Guicho Sr,"
28

ECF No. 8, and the Court declined to stay the case on July 29, 2015 based on the representation that Roberto P. Guicho, Sr. is the named defendant, ECF No. 17.  Accordingly, Robert P. Guicho, Sr. has been on notice since at least June 12, 2015 that he is the "Guicho" named in this action.  Additionally, no discovery has taken place.  *See Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387-88 (9th Cir. 1990) (prejudice exists where permitting plaintiff to file an amended complaint will lead to "the nullification of prior discovery," increase 'the burden of necessary future discovery," and the "relitigation of a [previously-decided] suit").

Second, the record reveals no evidence of bad faith on the part of Plaintiff.  *See Griggs v. Pace Am. Grp.*, 170 F.3d 877, 881 (9th Cir. 1999) (finding bad faith exists where the plaintiff "merely is seeking to prolong the litigation by adding new but baseless legal theories").  Nor does the Court find that amendment would be futile, as the proposed amendment is a non-substantive change to the caption meant to clarify the name of one defendant.  The factor of delay does weigh against granting amendment, as Plaintiff has known of the potential confusion of defendants since at least July 22, 2015 when Robert P. Guicho, Jr. filed the notice of stay.  However, prejudice to the opposing party carries the "greatest weight" in the leave to amend inquiry.  *Eminence Capital*, 316 F.3d at 1052.  Here, no prejudice will result from the proposed amendment, and two additional *Foman* factors weigh in favor of permitting amendment.  Accordingly, having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS Plaintiff's motion to amend.  Plaintiff shall file the first amended complaint by December 7, 2015.

**IT IS SO ORDERED.**

Dated:  December 3, 2015

_____
LUCY H. KOH
United States District Judge