1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FRESH PACKING CORPORATION,<br><br>                    Plaintiff,<br><br>          v.<br><br>ROBERTO P. GUICHO, SR., et al.,<br><br>                    Defendants. | Case No. 15-CV-01551-LHK<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SET ASIDE DEFAULT**<br><br>Re: Dkt. No. 29 |

Plaintiff Fresh Packing Corporation moves to set aside the entry of default against the original defendants in this action, Roberto P. Guicho, d/b/a Guicho's Produce, and Guicho's Produce, Inc. ("Guicho's Produce"). ECF No. 29 ("Mot."). The motion was not noticed for a hearing, and the Court concludes that this matter is suitable for resolution without oral argument. *See* Civ. L.R. 7-1(b). Having considered Plaintiff's motion, the relevant law, and the record in this case, the Court GRANTS the motion to set aside entry of default against Roberto P. Guicho and DENIES the motion to set aside entry of default against Guicho's Produce.

## I.       FACTUAL AND PROCEDURAL BACKGROUND

On April 3, 2015, Plaintiff filed the instant action against Roberto P. Guicho and Guicho's Produce. ECF No. 1. Although Roberto P. Guicho and Guicho's Produce were served on June

1

12, 2015, *see* ECF Nos. 7, 8, neither defendant appeared or answered the complaint.  However, an individual named Roberto P. Guicho, Jr. filed a notice of stay of proceedings on July 22, 2015 due to his pending bankruptcy proceedings.  ECF No. 12.  On July 29, 2015, the Court declined to stay the proceedings based on Plaintiff's representation that this lawsuit is against Roberto P. Guicho, Sr., not Roberto P. Guicho, Jr., and thus this lawsuit is unrelated to the noticed bankruptcy proceedings.  ECF No. 17.  Meanwhile, on July 28, 2015, the Clerk entered default as to Roberto P. Guicho and Guicho's Produce.  ECF No. 16.

On December 3, 2015, the Court granted Plaintiff's unopposed motion to amend the caption to clarify that Roberto P. Guicho, Sr., and not Roberto P. Guicho, Jr., is a defendant.  ECF No. 26.  Accordingly, on December 8, 2015, Plaintiff filed a First Amended Complaint ("FAC") naming Roberto P. Guicho, Sr. and Guicho's Produce as defendants.  ECF No. 27.  On December 10, 2015, Plaintiff filed the instant motion to set aside the entry of default against Roberto P. Guicho and Guicho's Produce, so that Plaintiff could move for default against the defendants named in the FAC.  Mot. at 1.  The deadline for Roberto P. Guicho, Sr. and Guicho's Produce to respond to the instant motion was December 24, 2015.  *See* ECF No. 29.  Neither defendant filed a response, and Plaintiff declined to file a reply.

## II.      DISCUSSION

Under Federal Rule of Civil Procedure 55(a), "the clerk must enter the party's default" when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend."  Fed. R. Civ. P. 55(a).  In addition, "a court may set aside an entry of default for good cause."  Fed. R. Civ. P. 55(c).  To determine whether good cause exists to set aside entry of default, the court considers three factors: (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense; or (3) whether reopening the default (or in this case, setting aside entry of default) would prejudice the plaintiff.  *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).  "Crucially, however, 'judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.'"  *Id.* (quoting *Falk v.*

Case No. 15-CV-01551-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SET ASIDE DEFAULT

United States District Court
Northern District of California

1    *Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

2         Here, default was entered against Roberto P. Guicho without identifying whether the

3    defendant was Roberto P. Guicho, Sr. or Roberto P. Guicho, Jr.  The FAC now clarifies that

4    Roberto P. Guicho, Sr. is the defendant.  *See* FAC.  Setting aside the entry of default against

5    Roberto P. Guicho will permit the correct defendant, Roberto P. Guicho, Sr., the opportunity to

6    respond to the FAC and assert any potential defenses.  *Cf. Mesle*, 615 F.3d at 1091.  Additionally,

7    setting aside entry of default will allow Plaintiff to clearly seek default against Roberto P. Guicho,

8    Sr.  The Court sees no prejudice to Plaintiff from setting aside entry of default, given that Plaintiff

9    brought the instant motion.  *See id.*  Accordingly, the Court finds that good cause exists to set

10   aside default against Roberto P. Guicho.  *See* Fed. R. Civ. P. 55(c).

11        However, Plaintiff provides no reason to set aside the entry of default against Guicho's

12   Produce.  *See generally* Mot.  Throughout the instant action, there has been no confusion over the

13   identity of Guicho's Produce.  Additionally, the FAC did not alter any allegations related to

14   Guicho's Produce.  *See* FAC.  Accordingly, Plaintiff has not shown that good cause exists to set

15   aside the entry of default against Guicho's Produce.

16   **III.    CONCLUSION**

17        For the reasons stated above, the motion to set aside entry of default is GRANTED as to

18   Roberto P. Guicho and DENIED as to Guicho's Produce.  The Clerk shall set aside default against

19   Roberto P. Guicho.

20   **IT IS SO ORDERED.**

22   Dated:  January 5, 2016

23                                                     *Lucy H. Koh*
24                                                     LUCY H. KOH
                                                       United States District Judge

Case No. 15-CV-01551-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SET ASIDE DEFAULT