UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FRESH PACKING CORPORATION,<br><br>        Plaintiff,<br><br>        v.<br><br>ROBERTO P. GUICHO, SR., et al.,<br><br>        Defendants. | Case No. 15-CV-01551-LHK<br><br>**ORDER REQUESTING SUPPLEMENTAL BRIEFING**<br><br>Re: ECF No. 37 |

On February 24, 2016, Plaintiff Fresh Packing Corporation ("Plaintiff") moved for default judgment against Defendants Roberto P. Guicho, Sr. and Guicho's Produce (collectively, "Defendants"). ECF No. 37. Among the requested damages, Plaintiff asks for attorney's fees and costs. Courts in the Ninth Circuit calculate attorney's fees using the lodestar method, whereby a court multiplies "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). A party seeking attorney's fees bears the burden of demonstrating that the rates requested are "in line with the prevailing market rate of the relevant community." *Carson v. Billings Police Dep't*, 470 F.3d 889, 891 (9th Cir. 2006). Generally, "the relevant community is the forum in which the district court sits." *Camacho*, 523 F.3d at 979. Typically, "[a]ffidavits of the plaintiffs'

attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). In determining a reasonable amount of time spent, the Court should only award fees based on "the number of hours reasonably expended on the litigation" and exclude "hours that are excessive, redundant, or otherwise unnecessary." *Greenfield Fresh, Inc. v. Berti Produce-Oakland, Inc.*, 2014 WL 5700695, at *5 (N.D. Cal. Nov. 3, 2014) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983)).

In support of Plaintiff's request for attorney's fees and costs, Plaintiff submits an affidavit from one of Plaintiff's attorneys. ECF No. 37-1. However, the affidavit does not provide any billing records, or any breakdown of how many hours were expended by each attorney or how the hours were expended. Plaintiff also does not explain what portion of the total requested fees and costs are attributable to costs, or provide any description of the costs incurred. Moreover, Plaintiff offers no justification for the $4,122.50 "estimate for attorneys' fees and costs through issuance of the requested default judgment." Lastly, Plaintiff does not provide any "rate determinations in other cases," their curriculum vitae, or other evidence to justify counsels' requested rates. *See United Steelworkers of Am.*, 896 F.2d at 407.

Plaintiff bears the burden of demonstrating that the rates requested and the hours expended are reasonable. Accordingly, Plaintiff is ORDERED to provide supplemental briefing justifying Plaintiff's requested hours and rates, as well as the requested costs, by Friday, April 8, 2016. Defendants may file a supplemental opposition by Friday, April 15, 2016.

**IT IS SO ORDERED.**

Dated: April 4, 2015

_____
LUCY H. KOH
United States District Judge

2
Case No. 15-CV-01551-LHK
ORDER REQUESTING SUPPLEMENTAL BRIEFING