UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FRESH PACKING CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERTO P. GUICHO, SR., et al.,<br><br>    Defendants. | Case No. 15-CV-01551-LHK<br><br>**ORDER GRANTING DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 37 |

    Before the Court is Plaintiff Fresh Packing Corporation's ("Plaintiff") motion for default judgment against Guicho's Produce, Inc. ("Guicho's Produce") and Roberto P. Guicho, Sr. (collectively, "Defendants"). ECF No. 37. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and therefore VACATES the hearing set for April 28, 2016, at 1:30 p.m. The case management conference set for the same date and time is also VACATED. Having considered Plaintiff's motion, the relevant law, and the record in this case, the Court GRANTS Plaintiff's motion for default judgment.

**I.    BACKGROUND**

    **A. Factual Background**

    Plaintiff is a wholesale supplier of perishable agricultural commodities (also referred to as

"produce") based in Los Angeles, California. ECF No. 27 (First Amended Complaint, or "FAC") ¶¶ 1–2; ECF No. 37-2 ("Zambada Affidavit") Ex. A. Plaintiff operates under a valid Perishable Agricultural Commodities Act ("PACA") license issued by the United States Department of Agriculture. FAC ¶ 1.

Guicho's Produce is a California corporation formerly located in San Jose, California. *Id.* ¶ 3(b). Plaintiff asserts that Guicho's Produce is currently not in good standing with the Office of the Secretary of State of California. *Id.* Roberto P. Guicho, Sr. is an individual doing business as Guicho's Produce, with business offices in San Jose, California. *Id.* ¶ 3(a). At all relevant times, Roberto P. Guicho, Sr. was also allegedly "in a position to actually control and actually managed his/[Guicho's Produce's] business operations." *Id.* ¶ 31. Further, Roberto P. Guicho, Sr. allegedly had the authority to direct Guicho's Produce's operating funds, and was an authorized signer on Guicho's Produce's business bank account(s). *Id.* ¶¶ 32–33. According to Plaintiff, both defendants are "engaged in the business of purchasing or selling Produce in wholesale or jobbing quantities" and "operated their business under a valid PACA License." *Id.* ¶¶ 4–5.

Between October and December 2014, Plaintiff alleges that Plaintiff sold and shipped produce to Defendants in six separate transactions. *Id.* ¶ 8, Ex A. For each transaction, Plaintiff allegedly issued an invoice to Defendants. *Id.* ¶ 11. Each invoice provides:

> Past due accounts subject to interest charges of 1.5% per month, maximum 18% per annum. Buyer agrees to pay reasonable collection cost, reasonable attorney fees and actual court cost if such be incurred in the collection of this account. Site for all jurisdiction on any disputes will be held in Los Angeles. The perishable agricultural commodities listed on this invoice are sold subject to statutory trust authorized by section 5 of the [P]erishable Agricultural Commodities Act, 1930 (7 U.S.C. sec. 4999e(c)).

*Id.* Ex. A; Zambada Affidavit Ex. A. According to Plaintiff, Defendants accepted each shipment and received each invoice. FAC ¶¶ 9, 11. However, Defendants failed to pay Plaintiff for any of the six transactions. *Id.* ¶¶ 12–13. With interest, Defendants allegedly owe Plaintiff at least $72,086.85. Zambada Affidavit ¶ 13.

### B. Procedural History

On April 3, 2015, Plaintiff filed the instant action against Guicho's Produce and "Roberto

1   P. Guicho" alleging violations of PACA and breach of contract. ECF No. 1. Although Guicho's

2   Produce and Roberto P. Guicho were served on June 12, 2015, *see* ECF Nos. 7, 8, neither

3   defendant appeared or answered the complaint. However, an individual named Roberto P.

4   Guicho, Jr. filed a notice of stay of proceedings on July 22, 2015 due to his pending bankruptcy

5   proceedings. ECF No. 12. In response to the notice, Plaintiff represented that this lawsuit is

6   against Roberto P. Guicho, Sr., not Roberto P. Guicho, Jr., and that Roberto P. Guicho, Sr. was the

7   individual served. ECF No. 14–15. On July 29, 2015, the Court declined to stay the proceedings

8   based on Plaintiff's representation that this lawsuit is against Roberto P. Guicho, Sr. and thus

9   unrelated to the noticed bankruptcy proceedings. ECF No. 17. Meanwhile, on July 28, 2015, the

10  Clerk entered default as to Roberto P. Guicho and Guicho's Produce. ECF No. 16.

11  On December 3, 2015, the Court granted Plaintiff's unopposed motion to amend the case

12  caption to clarify that Roberto P. Guicho, Sr., and not Roberto P. Guicho, Jr., is a defendant. ECF

13  No. 26. Accordingly, on December 8, 2015, Plaintiff filed the FAC naming Roberto P. Guicho,

14  Sr. and Guicho's Produce as defendants. ECF No. 27. No other changes were made to the factual

15  allegations or asserted claims. The FAC asserts three violations of PACA, 7 U.S.C. § 499a *et seq.*:

16  (1) enforcement of the PACA trust against both Defendants; (2) failure to pay promptly against

17  both Defendants; and (3) breach of fiduciary duty to PACA trust beneficiaries against Roberto P.

18  Guicho, Sr. FAC ¶¶ 14–23, 29–37. The FAC also asserts a cause of action for breach of contract

19  against both Defendants. *Id.* ¶¶ 24–28.

20  On January 5, 2016, the Court granted Plaintiff's motion to set aside the entry of default as

21  to Roberto P. Guicho, so that default could be entered against the correctly named defendant,

22  Roberto P. Guicho, Sr. ECF No. 31. However, the Court denied Plaintiff's motion to set aside the

23  entry of default against Guicho's Produce, as there was no confusion over the identity of Guicho's

24  Produce, and the FAC did not alter any allegations related to Guicho's Produce. *Id.* On January

25  7, 2016, the attorney for Roberto P. Guicho, Jr. notified the Court that the attorney did not

26  represent Roberto P. Guicho, Sr. and the notice of stay of proceedings was posted in error.

27  On February 10, 2016, the Clerk entered default against Roberto P. Guicho, Sr. ECF No.

28  

United States District Court
Northern District of California

36. On February 24, 2016, Plaintiff moved for default judgment against Roberto P. Guicho, Sr. and Guicho's Produce. ECF No. 37. No opposition has been filed, and the time to do so has now passed. On April 4, 2016, the Court requested supplemental briefing regarding Plaintiff's request for attorney's fees and costs, ECF No. 39, and will address that request in a subsequent order.

## II.  LEGAL STANDARD

Pursuant to Rule 55(b)(2), the Court may enter a default judgment when the Clerk, under Rule 55(a), has previously entered the party's default. Fed. R. Civ. P. 55(b). "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Once the Clerk enters default, all well-pleaded allegations regarding liability are taken as true, except with respect to damages. *See Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987); *Philip Morris USA v. Castworld Prods.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003) ("[B]y defaulting, Defendant is deemed to have admitted the truth of Plaintiff's averments."). "In applying this discretionary standard, default judgments are more often granted than denied." *Philip Morris*, 219 F.R.D. at 498.

"Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

## III.  DISCUSSION

### A. Jurisdiction

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties. A judgment entered without personal jurisdiction over the parties is void."

4

Case No.15-CV-01551-LHK
ORDER GRANTING DEFAULT JUDGMENT

1  *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) (citations omitted).  The Court thus begins by

2  evaluating subject matter jurisdiction and personal jurisdiction.  The Court also considers whether

3  venue is proper.  At the outset, the Court notes that Plaintiff's motion for default judgment failed

4  to address the Court's jurisdiction.

### 1. Subject Matter Jurisdiction

The Court concludes that the exercise of subject matter jurisdiction over this case is proper.  "[A] federal court may exercise federal-question jurisdiction if a federal right or immunity is an element, and an essential one, of the plaintiff's cause of action."  *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086 (9th Cir. 2009) (internal quotation marks omitted); *see also* 28 U.S.C. § 1331.  Plaintiff asserts claims under PACA and California state law.  FAC ¶¶ 14–37.  As the PACA causes of action raise federal questions, the Court may properly exercise subject matter jurisdiction over the PACA causes of action.  Because the California breach of contract claim arises out of the same factual allegations as the PACA causes of action, the Court exercises supplemental jurisdiction over the breach of contract claim.  *See* 28 U.S.C. § 1367(a).

### 2. Personal Jurisdiction

#### a. Guicho's Produce

The Court exercises general personal jurisdiction over Guicho's Produce.  A corporation is considered domiciled in the states where the corporation is incorporated and has its principal place of business.  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853–54 (2011).  Under federal due process, defendants domiciled within a state are subject to the state's jurisdiction.  *Milliken v. Meyer*, 311 U.S. 457, 462 (1940); *see also Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069 (9th Cir. 2015) ("The paradigmatic locations where general jurisdiction is appropriate over a corporation are its place of incorporation and its principal place of business.").  Plaintiff alleges that, at the relevant times, Guicho's Produce was a "California corporation" conducting business in San Jose, California.  FAC ¶ 3(b).  It appears that Guicho's Produce is incorporated in California, although Guicho's Produce is longer in good standing with the California Secretary of

State.[1]  *See id.*  Because Guicho's Produce is domiciled in California, the Court may exercise personal jurisdiction over it.  *See Milliken*, 311 U.S. at 462.

Additionally, Plaintiff effected service of process upon Guicho's Produce by having the summons and the complaint served upon Guicho's Produce's registered agent.  *See* ECF No. 7 (affidavit of service upon the registered agent for Guicho's Produce); Fed. R. Civ. P. 4(h)(1)(B) (permitting service on a corporation by delivering a copy of the summons and complaint to an agent authorized to receive service of process).  There is no indication in the record that service was improper.

### b. Roberto P. Guicho, Sr.

Plaintiff alleges that Roberto P. Guicho, Sr. has a business office in San Jose, California. FAC ¶ 3(a).  However, Plaintiff does not allege that Roberto P. Guicho, Sr. is a resident of California.  To determine the propriety of asserting personal jurisdiction over a nonresident defendant, the Court examines whether such jurisdiction is permitted by the applicable state's long-arm statute and comports with the demands of federal due process.  *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1128–29 (9th Cir. 2003).

Because California's long-arm statute, Cal. Civ. Proc. Code § 410.10, is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same.  *See* Cal. Civ. Proc. Code § 410.10 ("[A] court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."); *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011).  For a court to exercise personal jurisdiction over a nonresident defendant consistent with due process, that defendant must have "certain minimum contacts" with the relevant forum "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"

---

[1] The fact that Guicho's Produce is no longer in good standing with the California Secretary of State, *see* FAC ¶ 3, does not impact the Court's jurisdiction.  In California, even dissolved corporations continue to exist for purposes of defending actions against them.  Cal. Corp. Code § 2010(a); *see also Murabito v. Stericycle, Inc.*, 2015 WL 1061979, at *2 (N.D. Cal. Mar. 10, 2015) (finding that dissolved California corporation is domiciled in California).

*Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken*, 311 U.S. at 463). In addition, "[t]he defendant's 'conduct and connection with the forum State' must be such that the defendant 'should reasonably anticipate being haled into court there.'" *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

A court may exercise either general or specific jurisdiction over a nonresident defendant. *Ziegler v. Indian River Cty.*, 64 F.3d 470, 473 (9th Cir. 1995). General jurisdiction exists where a nonresident defendant's activities in the state are "continuous and systematic" such that said contacts approximate physical presence in the forum state. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004). Where general jurisdiction is inappropriate, a court may still exercise specific jurisdiction where the nonresident defendant's "contacts with the forum give rise to the cause of action before the court." *Doe v. Unocal Corp.*, 248 F.3d 915, 923 (9th Cir. 2001). Specific jurisdiction is appropriate when (1) the nonresident defendant "purposefully direct[s] his activities or consummate[s] some transaction with the forum or resident thereof; or perform[s] some act by which he purposefully avails himself of the privilege of conducting activities in the forum"; (2) the claim "arises out of or relates to the defendant's forum-related activities"; and (3) the exercise of jurisdiction is reasonable. *Schwarzenegger*, 374 F.3d at 802. If the plaintiff succeeds in satisfying the first two prongs, the burden shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would not be reasonable. *Id.*

Additionally, for the Court to exercise personal jurisdiction over a defendant, the defendant must have been served in accordance with Federal Rule of Civil Procedure 4. *See Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) ("Defendants must be served in accordance with Rule 4(d) of the Federal Rules of Civil Procedure, or there is no personal jurisdiction." (footnote omitted)).

In the instant case, Plaintiff effected service of process on Roberto P. Guicho, Sr. by personally serving Roberto P. Guicho, Sr. in San Jose, California. ECF No. 8 (affidavit of personal service upon Roberto P. Guicho, Sr.); *see also* Fed. R. Civ. P. 4(e)(2) (permitting service

1  on an individual by delivering a copy of the summons and complaint to the individual personally).
2  Although the summons reads Roberto Guicho, Sr., Plaintiff has represented, multiple times, that
3  Roberto P. Guicho, Sr. was the individual served. ECF No. 14–15. Based on this representation,
4  the Court previously declined to stay the instant proceedings in response to bankruptcy
5  proceedings of Roberto P. Guicho, Jr. ECF No. 17. Additionally, Roberto P. Guicho, Jr.'s notice
6  of stay did not suggest that Roberto P. Guicho, Jr. had been served, and on January 7, 2016,
7  counsel for Roberto P. Guicho, Jr. notified the Court that (1) the notice of stay was posted in error,
8  and (2) counsel did not represent Roberto P. Guicho, Sr. Accordingly, the Court finds that
9  Roberto P. Guicho, Sr. was properly served.

10  Moreover, "personal service upon a physically present defendant suffice[s] to confer
11  jurisdiction, without regard to whether the defendant was only briefly in the State or whether the
12  cause of action was related to his activities there." *Martinez v. Aero Caribbean*, 764 F.3d 1062,
13  1067 (9th Cir. 2014) (quoting *Burnham v. Superior Court of Cal., Cty. of Marin*, 496 U.S. 604,
14  612 (1990)) (brackets in original). Consequently, the Court may exercise jurisdiction over
15  Roberto P. Guicho, Sr. due to his personal service in San Jose, California.

16  The Court also notes that, regardless of service, the exercise of at least specific personal
17  jurisdiction over Roberto P. Guicho, Sr. is appropriate. With respect to the first prong, Plaintiff
18  alleges that Roberto P. Guicho, Sr. entered into contracts with Plaintiff, who has offices in Los
19  Angeles, California. Additionally, Roberto P. Guicho, Sr. allegedly operated his business
20  purchasing or selling wholesale quantities of produce from Roberto P. Guicho, Sr.'s office in San
21  Jose, California. FAC ¶ 3. Roberto P. Guicho, Sr. also allegedly directed Plaintiff to ship produce
22  to San Jose, California. *Id.* ¶ 10. Moreover, according to Plaintiff, Roberto P. Guicho, Sr. had
23  actual control and authority over Guicho's Produce, a California corporation conducting business
24  from its office in San Jose, California, including over the disposition of the PACA trust assets
25  allegedly owed to Plaintiff. *Id.* ¶¶ 31–33. While Roberto P. Guicho, Sr.'s "contacts with
26  California are not to be judged according to [his] employer's activities there," the Ninth Circuit
27  has "reject[ed] the suggestion that employees who act in their official capacity are somehow

28
8

shielded from suit in their individual capacity." *Davis v. Metro Prods., Inc.*, 885 F.2d 515, 521 (9th Cir. 1989). Roberto P. Guicho, Sr.'s own business contacts with California, and his control of Guicho's Produce, are sufficient to show that Roberto P. Guicho, Sr. purposefully availed himself of the privilege of conducting business in California.

As to the second prong, there can be no dispute that Roberto P. Guicho, Sr.'s activities in California relate directly to Plaintiff's causes of action, which are based on the failure of Roberto P. Guicho, Sr. and Guicho's Produce to pay for produce delivered to San Jose, California and accepted by Defendants. *See Schwarzenegger*, 374 F.3d at 802 (specific jurisdiction is appropriate when the claim "arises out of or relates to the defendant's forum-related activities"). For the third prong, Roberto P. Guicho, Sr., who is in default, has not argued that the exercise of personal jurisdiction is unreasonable. Accordingly, the Court concludes that the exercise of personal jurisdiction over Roberto P. Guicho, Sr. is reasonable in the instant case.

### 3. Venue

Pursuant to 28 U.S.C. § 1391(b)(2), "[a] civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." In the instant case, Plaintiff's claims all arise from Defendants' failure to pay for produce that they received from Plaintiff. Specifically, Plaintiff shipped produce to San Jose, California, as directed by Defendants. FAC ¶ 10. Defendants accepted the produce in San Jose, California. *Id.* ¶ 9. However, Defendants—whose business offices are located in San Jose, California—did not pay for the produce. *Id.* ¶¶ 3, 12–13. Accordingly, substantial events giving rise to Plaintiff's claim occurred in San Jose, California, and thus venue is proper in the Northern District of California.

The Court notes that Plaintiff's motion for default judgment does not discuss the forum-selection language in the invoices that Plaintiff sent to Defendants: "Site for all jurisdiction on any disputes will be held in Los Angeles." *Id.* Ex. A. However, because the requirements of § 1391(b) are met, "venue is proper . . . irrespective of any forum-selection clause." *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 134 S. Ct. 568, 578 (2013); *see also Hrothgar Invs., Ltd. v. Houser*, 2015 WL 5853634, at *3 & n.2 (N.D. Cal. Aug. 18, 2015) (finding venue

proper and noting that, while a forum selection clause may be enforceable under 28 U.S.C. § 1404, it did not require transfer in default judgment action).

Moreover, "venue, like jurisdiction over the person, may be waived. A defendant, properly served with process by a court having subject matter jurisdiction, waives venue by failing seasonably to assert it, or even simply by making default." *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960). Accordingly, courts in this district consistently hold that when "all defendants have been properly served, default was entered as to all defendants, and they have failed to object to venue in the Northern District, venue has been waived." *McMillan Data Commc'ns, Inc. v. AmeriCom Automation Servs., Inc.*, 2015 WL 4380965, at *7 (N.D. Cal. July 16, 2015); *see also JBR, Inc. v. Café Don Paco, Inc.*, 2014 WL 5034640, at *11 (N.D. Cal. Aug. 25, 2014). As discussed above, the Court finds that Guicho's Produce and Roberto P. Guicho, Sr. were properly served. Further, default was entered as to both defendants, who failed to object to venue in the Northern District of California. Thus, even if venue were improper, any objection to venue has been waived.

### B. Whether Default Judgment is Proper

Having determined that the exercise of subject matter and personal jurisdiction over Guicho's Produce and Roberto P. Guicho, Sr. is appropriate, the Court now turns to the *Eitel* factors to determine whether entry of default judgment is warranted. As with jurisdiction, Plaintiff's bare motion for default judgment does not specifically address the *Eitel* factors.

#### 1. First *Eitel* Factor: Possibility of Prejudice

Under the first *Eitel* factor, the Court considers the possibility of prejudice to a plaintiff if default judgment is not entered against a defendant. Absent a default judgment, Plaintiff in this case will not obtain payment to which it is entitled for produce Plaintiff has already provided to Defendants. Thus, the first factor weighs in favor of granting default judgment. *See Tom Ver LLC v. Organic Alliance, Inc.*, 2015 WL 6957483, at *7 (N.D. Cal. Nov. 11, 2015) (finding prejudice when, absent default judgment, plaintiff will not obtain payment for already delivered produce).

#### 2. Second and Third *Eitel* Factors: Merits of Plaintiff's Substantive Claims and the Sufficiency of the Complaint

10
Case No.15-CV-01551-LHK
ORDER GRANTING DEFAULT JUDGMENT

The second and third *Eitel* factors address the merits and sufficiency of Plaintiff's claims as pleaded in the FAC. These two factors are often analyzed together and ask whether the plaintiff's allegations "state a claim on which the [plaintiff] may recover." *See Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010) (alteration in original) (quoting *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). In analyzing the second and third *Eitel* factors, the Court accepts as true all well-pleaded allegations regarding liability. *See Fair Hous. of Marin*, 285 F.3d at 906.

Plaintiff brings three claims arising out of PACA and one claim for breach of contract. *See* FAC ¶¶ 14–37. The Court first addresses the merits and sufficiency of Plaintiff's PACA claims and then turns to the merits and sufficiency of the breach of contract claim.

### a. PACA Claims

Counts 1, 2, and 4 bring causes of action arising under PACA. Specifically, Count 1 is a claim against both defendants for enforcement of the PACA trust. FAC ¶¶ 14–19. Count 2 is a claim against both defendants for failure under PACA to pay Plaintiff promptly. *Id.* ¶¶ 20–23. Count 4 asserts that Roberto P. Guicho, Sr. breached his fiduciary duty to the PACA trust beneficiaries. *Id.* ¶¶ 29–37.

PACA protects sellers of perishable agricultural goods by requiring a merchant, dealer, or retailer of perishable produce to hold in trust proceeds from the sale of the perishable produce, and food derived from that produce, for the benefit of all unpaid suppliers. 7 U.S.C. § 499e(c)(2); *Royal Foods Co. v. RJR Holdings, Inc.*, 252 F.3d 1102, 1104–05 (9th Cir. 2001). Under PACA, "a produce dealer holds produce-related assets as a fiduciary" in the statutory trust "until full payment is made to the produce seller." *In re San Joaquin Food Serv., Inc.*, 958 F.2d 938, 939 (9th Cir. 1992). "The trust automatically arises in favor of a produce seller upon delivery of produce and is for the benefit of all unpaid suppliers or sellers involved in the transaction until full payment of the sums owing has been received." *Id.*; *see also* 7 U.S.C. § 499e(c)(2).

There are five elements to a PACA cause of action:

(1) the commodities sold were perishable agricultural commodities, (2) the

> purchaser was a commission merchant, dealer, or broker, (3) the transaction occurred in contemplation of interstate or foreign commerce, (4) the seller has not received full payment on the transaction, and (5) the seller preserved its trust rights by including statutory language referencing the trust on its invoices.

*Beachside Produce, LLC v. Flemming Enters., LLC*, 2007 WL 1655554, at *2 (N.D. Cal. June 6, 2007) (citing 7 U.S.C. § 499e(c)(3), (4); 7 C.F.R. § 46.46(c), (f)).

The Court finds that Plaintiff has sufficiently alleged that Defendants violated PACA. First, Plaintiff satisfies the first element because Plaintiff alleges that it sold perishable agricultural commodities to Defendants. FAC ¶¶ 8–12.

As to the second element, PACA defines a "dealer" as "any person engaged in the business of buying or selling in wholesale or jobbing quantities . . . any perishable agricultural commodity in interstate or foreign commerce." 7 U.S.C. § 499a(b)(6). Furthermore, "individuals associated with corporate defendants may be liable under a PACA trust theory." *Sunkist Growers, Inc. v. Fisher*, 104 F.3d 280, 282 (9th Cir. 1997). "[I]ndividual shareholders, officers, or directors of a corporation who are in a position to control PACA trust assets . . . may be held personally liable under the Act." *Id.* at 283. "If deemed a PACA 'dealer,' an individual is liable for his own acts, omissions, or failures while acting for or employed by any other dealer." *Id.* (citing 7 U.S.C. § 499e(a)).

Plaintiff alleges that both defendants are "dealers" under PACA because Defendants "are engaged in the business of purchasing or selling Produce in wholesale or jobbing quantities." FAC ¶ 4. Moreover, Plaintiff alleges that Defendants purchased produce from Plaintiff. *Id.* ¶ 8. Plaintiff further alleges that Roberto P. Guicho, Sr. was in a position to control Guicho's Produce at the time that Defendants purchased produce from Plaintiff. *Id.* ¶¶ 31–32. According to Plaintiff, Roberto P. Guicho, Sr. had actual authority to direct the distribution of the PACA trust assets, and Roberto P. Guicho, Sr. was an authorized signer on the bank account(s) that contained the proceeds of the produce sales. *Id.* ¶ 32–33. This is sufficient to allege that both Defendants may be held liable for PACA violations. *See Sunkist Growers*, 104 F.3d at 283 ("[I]ndividual shareholders, officers, or directors of a corporation who are in a position to control PACA trust assets . . . may be held personally liable under the Act."); *Tom Ver LLC*, 2015 WL 6957483, at *9

12
Case No.15-CV-01551-LHK
ORDER GRANTING DEFAULT JUDGMENT

(finding company was a "dealer" under PACA when plaintiff alleged that the company purchased produce from the plaintiff).

Courts have held that the third element is satisfied where "the commodities involved are the type typically sold in interstate commerce" and where the seller involved is "the type that Congress intended to protect by implementing PACA." *Greenfield Fresh, Inc. v. Berti Produce-Oakland, Inc.*, 2014 WL 5700695, at *3 (N.D. Cal. Nov. 3, 2014) (quoting *Oregon Potato Co. v. Seven Stars Fruit Co.*, 2013 WL 230984, at *5 (W.D. Wash. Jan. 22, 2013)). Plaintiff alleges that it sells perishable agricultural commodities in interstate commerce. FAC ¶ 2. Plaintiff also provides an affidavit of Vicente Zambada, President of Plaintiff, stating that the produce sold to Defendants "consisted of fresh fruit or vegetables, each of which are the type of [p]roduce commonly shipped in interstate commerce." *See* Zambada Affidavit ¶ 11. This is sufficient to satisfy the third element. *See Greenfield Fresh*, 2014 WL 5700695, at *3 (allegation that plaintiff generally sells produce in interstate commerce sufficient to satisfy the interstate commerce element of a PACA claim).

Plaintiff alleges that Plaintiff did not receive prompt and full payment from Defendants for the produce sold to Defendants, *see* FAC ¶¶ 12–13, 16–17, thus satisfying the fourth element of a PACA cause of action. Plaintiff additionally attaches to the FAC and the motion for default judgment the invoices that Plaintiff sent to Defendants. *See* FAC Ex. A; Zambada Affidavit Ex. A. These invoices include the statutory language regarding the PACA trust, *see id.*, thus satisfying the fifth element of a PACA cause of action.

Furthermore, all three of Plaintiff's PACA causes of action are cognizable claims under PACA. Specifically, PACA permits persons injured by a PACA violation committed by a dealer to bring suit for damages arising from that violation. 7 U.S.C. § 499e(a)–(b). Plaintiff's Count 1 seeks redress for Defendants' failure "to preserve sufficient amounts of the PACA Trust Assets." *See id.* § 499b(4) (providing that it is unlawful for a dealer "to fail to maintain the trust as required under section 499e(c)"). Count 2, which alleges that Defendants failed to pay Plaintiff promptly, is permissible because "[d]ealers violate PACA if they do not pay promptly and in full for any

perishable commodity in interstate commerce." *Sunkist Growers*, 104 F.3d at 282 (citing 7 U.S.C. § 499b(4)). Count 4 alleges that Roberto P. Guicho, Sr. breached his fiduciary duty to Plaintiff. This claim is cognizable because "[a]n individual who is in the position to control the trust assets and who does not preserve them for the beneficiaries has breached a fiduciary duty, and is personally liable for that tortious act." *Id.* at 283. Thus, a PACA trust "imposes liability on a trustee, whether a corporation or a controlling person of that corporation, who uses the trust assets for any purpose other than repayment of the supplier." *Id.*

Because Plaintiff has sufficiently alleged the elements for Plaintiff's three PACA causes of action, the Court concludes that Plaintiff has sufficiently stated claims against Guicho's Produce and Roberto P. Guicho, Sr. for enforcement of the PACA trust and for violation of PACA by failing to pay promptly, and against Roberto P. Guicho, Sr. for breach of fiduciary duty to the PACA trust beneficiaries.

### b. Breach of Contract

Count 3 of the FAC is for breach of contract against both Defendants. FAC ¶¶ 24–28. The elements of breach of contract under California law are: "(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." *Reichert v. Gen. Ins. Co. of Am.*, 68 Cal. 2d 822, 830 (1968). Plaintiff alleges that Plaintiff had multiple contracts with Defendants for the purchase of produce; that Plaintiff performed by delivering the produce to Defendants; that Defendants breached the contracts by not paying for the produce; and that Plaintiff has been damaged by the failure to pay. FAC ¶¶ 25–28. This is sufficient to state a claim for breach of contract.

Because Plaintiff has sufficiently stated claims for violations of PACA and for breach of contract, the second and third *Eitel* factors weigh in favor of default judgment.

### 3. Fourth *Eitel* Factor

Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002); *see also Eitel*, 782 F.2d at 1471–72. "The Court considers

Plaintiff's declarations, calculations, and other documentation of damages in determining if the amount at stake is reasonable." *Truong Giang Corp. v. Twinstar Tea Corp.*, 2007 U.S. Dist. LEXIS 100237, at *33 (N.D. Cal. Mar. 22, 2007), adopted by 2007 WL 1545173 (N.D. Cal. May 29, 2007). Default judgment is disfavored when a large amount of money is involved or unreasonable in light of the potential loss caused by the defendant's actions. *See id.*

Plaintiff seeks to recover $19,019 for unpaid produce, at least $4,541.99 in interest, and $48,525.86 in attorney's fees and costs. *See* Zambada Affidavit Ex A. Although not insubstantial sums, the amount that Plaintiff requests is reasonable in light of the fact that it is tailored to the specific misconduct of Defendants: Defendants' failure to pay for produce delivered by Plaintiff more than one year ago.

### 4. Fifth, and Sixth *Eitel* Factors: Potential Disputes of Material Fact, Excusable Neglect

The fifth *Eitel* factor considers the possibility of disputes as to any material facts in the case while the sixth *Eitel* factor considers whether failure to appear was the result of excusable neglect. In the instant case, because Defendants have failed to appear, the Court takes the allegations in the FAC as true. *See Fair Hous.*, 285 F.3d at 906. Given that posture, the Court finds that disputes of material facts are unlikely. *See Tom Ver LLC*, 2015 WL 6957483, at *10. Moreover, nothing before the Court suggests that the failure to appear was the result of excusable neglect. Summonses were issued for Defendants on April 6, 2015, ECF No. 6, and returned executed on July 8, 2015, ECF No. 7–8. Nothing in the record before the Court indicates that service was improper. Accordingly, the fifth and sixth *Eitel* factors weigh in favor of default judgment.

### 5. Seventh *Eitel* Factor: Policy Favoring Decision on the Merits

While the policy favoring decision on the merits generally weighs strongly against awarding default judgment, district courts have regularly held that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself. *See, e.g.*, *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010); *Hernandez v. Martinez*,

15
Case No.15-CV-01551-LHK
ORDER GRANTING DEFAULT JUDGMENT

2014 WL 3962647, at *9 (N.D. Cal. Aug. 13, 2014).  Although Defendants were served approximately one year ago, Defendants have not appeared or challenged the entry of default.  Thus, the likelihood of the case proceeding to a resolution on the merits is unlikely.  The Court finds that the seventh *Eitel* factor is outweighed by the other six factors that favor default judgment.  *See Hernandez*, 2014 WL 3962647, at *9 (seventh *Eitel* factor outweighed by remaining six factors where defendants failed to appear for over a year and a half prior to the default judgment).  The Court therefore finds that default judgment is appropriate in this case.

### C. Damages

A plaintiff seeking default judgment "must also prove all damages sought in the complaint."  *Dr. JKL Ltd.*, 749 F. Supp. 2d at 1046 (citing *Philip Morris*, 219 F.R.D. at 498).  Federal Rule of Civil Procedure 55 does not require the Court to conduct a hearing on damages, as long as the Court ensures that there is an evidentiary basis for the damages awarded in the default judgment.  *See Tom Ver LLC*, 2015 WL 6957483, at *11.  Plaintiff has provided a supporting affidavit and a chart detailing Plaintiff's requested damages, along with invoices showing the original amounts due for the produce shipped by Plaintiff.  *See* Zambada Affidavit.  Plaintiff has provided an additional affidavit supporting Plaintiff's request for attorney's fees and costs.  *See* ECF No. 37-1, Affidavit of Eric T. Hartnett.

Plaintiff requests damages for the invoice value of the unpaid produce, as well as interest on the invoice value of the unpaid produce and attorney's fees and costs.  The Court addresses these damages in turn.

#### 1. Unpaid Produce

Under PACA, a dealer who violates its provisions "shall be liable to the person or persons injured thereby for the full amount of damages . . . sustained in consequence of such violation."  7 U.S.C. § 499e(a).  Plaintiff has submitted invoices showing that Plaintiff shipped produce with an invoice value of $19,019.00 to Defendants and an affidavit stating that Plaintiff has received no payments. Zambada Affidavit Ex. A.  The Court finds that Plaintiff's invoices are sufficient to establish Plaintiff's entitlement to $19,019 for the invoice value of the unpaid produce.

16
Case No.15-CV-01551-LHK
ORDER GRANTING DEFAULT JUDGMENT

### 2. Interest and Attorney's Fees and Costs

The Ninth Circuit has held that, in addition to the invoice value of unpaid produce, PACA permits a plaintiff to recover prejudgment interest as well as attorney's fees and costs if the contract between the plaintiff and the defendant stated that the defendant would be liable for interest, attorney's fees, and costs. *Middle Mountain Land & Produce Inc. v. Sound Commodities Inc.*, 307 F.3d 1220, 1224–25 (9th Cir. 2002); *see also Greenfield Fresh*, 2014 WL 5700695, at *4–5 (holding that a PACA plaintiff was entitled to prejudgment interest, attorney's fees, and costs based on the contract between the plaintiff and the defendant).

In the instant case, Plaintiff alleges that Plaintiff's contracts with Defendants provide that Defendants would be liable for interest, attorney's fees and costs. FAC ¶ 18. Plaintiff points to the invoices sent to Defendants, which each state: "Past due accounts subject to interest charges of 1.5% per month, maximum 18% per annum.  Buyer agrees to pay reasonable collection cost, reasonable attorney fees and actual court cost if such be incurred in the collection of this account." *Id.* Ex. A.

The Ninth Circuit in *Middle Mountain* declined to reach the issue of whether invoices were sufficient to establish a contractual right to interest, attorney's fees, and costs. *See* 307 F.3d at 1225.  In other contexts, however, the Ninth Circuit has held that terms in an invoice for the sale of goods are included in the parties' contract. *See United States ex rel. Hawaiian Rock Prods. Corp. v. A.E. Lopez Enters.*, 74 F.3d 972, 976 (9th Cir. 1996) (awarding concrete suppliers prejudgment interest based on the terms in the supplier's invoices).  This Court and other courts in this district have determined that contractual language on invoices is sufficient in PACA cases to establish contractual obligations, including obligations to pay prejudgment interest, attorney's fees, and costs. *See, e.g.*, *Tom Ver LLC*, 2015 WL 6957483, at *12; *Greenfield Fresh*, 2014 WL 5700695, at *4–5; *C.H. Robinson Co v. Marina Produce Co.*, 2007 WL 39311, at *4 (N.D. Cal. Jan. 4, 2007).  The Court concludes that Plaintiff's invoices are sufficient to establish that Plaintiff is entitled to collect prejudgment interest, attorney's fees, and costs from Defendants.

#### a. Interest

Plaintiff requests $4,541.99 in prejudgment interest accrued through February 11, 2016, as well as "further interest at the contract rate of 1.5% per month." *See* Zambada Affidavit; Mot. ¶ 4. In support of this request, Plaintiff provides invoices indicating the date each payment was due, as well as a chart calculating interest as of February 11, 2016. Zambada Affidavit Ex. A. The Court notes one discrepancy between the invoices and the chart. For invoice number 29727, the invoice lists the transaction date as 11/7/2014 and the payment due date as 11/28/2014. However, the chart created by Plaintiff lists the transaction date as 11/28/2014 and the payment due date as 12/19/2014.[2] *See id.* Plaintiff provides no explanation for this discrepancy. The Court relies upon the actual invoices rather than the chart created by Plaintiff.

Additionally, the Court notes that Plaintiff's calculations of interest in the chart round up to the nearest month—for example, if a payment is one month and one week overdue, Plaintiff calculates two months of accrued interest. Plaintiff provides no support for calculating interest in this manner. Accordingly, the Court calculates interest according to the amount of interest that has actually accrued. *See, e.g.*, *Church Bros., LLC v. Garden of Eden Produce, LLC*, 2012 WL 1155656, at *3 & n.1 (N.D. Cal. Apr. 5, 2012) (awarding prorated interest to the day the order was filed, when contract provided 1.25% interest per month). Relying on the dates provided in the invoices, the Court awards the following interest accrued as of the date of this order:

| Invoice Number | Date of Trans. | Payment Due | Invoice Amount | Overdue | Accrued Interest |
|---|---|---|---|---|---|
| 29407 | 10/21/2014 | 11/11/2014 | $2,668 | 16 months, 26 days | $761.67 |
| 29733 | 11/7/2014 | 11/28/2014 | $1,470 | 16 months, 9 days | $403.80 |
| 29727 | 11/7/2014 | 11/28/2014 | $2,090 | 16 months, 9 days | $574.11 |
| 29847 | 11/13/2014 | 12/4/2014 | $3,127 | 16 months, 2 days | $845.12 |

---

[2] The Court also notes that the aggregate chart submitted in support of the instant motion for default judgment lists different payment due dates than the aggregate chart attached to the FAC. *Compare* Zambada Affidavit Ex. A, *with* FAC Ex. A. However, the invoices submitted in support of the instant motion are the same as those attached to the FAC. Plaintiff provides no explanation for why the payment due dates in the FAC chart are different from those listed on the invoices and those in the chart submitted in support of the instant motion. The Court relies on the due dates listed on the invoices rather than on any chart created by Plaintiff.

18
Case No.15-CV-01551-LHK
ORDER GRANTING DEFAULT JUDGMENT

| 29990 | 11/20/2014 | 12/11/2014 | $4,780 | 15 months, 26 days | $1273.80 |
|---|---|---|---|---|---|
| 30184 | 12/2/2014 | 12/23/2014 | $4,884 | 15 months, 14 days | $1264.88 |
| | | | | **Total** | $5,123.38 |

    **b. Attorney's Fees and Costs**

As previously discussed, Plaintiff has a contractual right to recover attorney's fees from Defendants. Where a plaintiff has a contractual right to attorney's fees, the plaintiff has a right under PACA to enforce the right to attorney's fees as part of the perishable agricultural commodities contract. *Middle Mountain*, 307 F.3d at 1224–25. The Court has requested supplemental briefing on Plaintiff's request for attorney's fees and costs, ECF No. 39, and will determine the amount of any fees and costs to award in a subsequent order.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment is GRANTED. Judgment shall be entered in favor of Plaintiff Fresh Packing Corp. and against Defendants Guicho's Produce and Roberto P. Guicho, Sr. in the amount of $24,142.38 in damages. The Clerk shall close the case file.

**IT IS SO ORDERED.**

Dated: April 6, 2016

_____
LUCY H. KOH
United States District Judge